UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CECELLIA JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 4:08-CV-1855 (CEJ) |
| | ) |
| USA 3000 AIRLINES, | ) |
| | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff's motion to remand for lack of subject matter jurisdiction. Defendant opposes the motion and the issues have been fully briefed.

I. **Background**

Defendant is an airline operating domestic and international flights out of Lambert-St. Louis International Airport. On October 7, 2005, plaintiff was a passenger on one of defendant's flights to Montego Bay, Jamaica. During the flight, a flight attendant allegedly pushed the service cart down the aisle into plaintiff's knee. Plaintiff allegedly suffered damage to her entire nervous system as a result of the collision. Plaintiff filed suit against defendant in the Circuit Court of the County of St. Louis, Missouri on October 16, 2008, seeking an award of damages in excess of $25,000.00 but not exceeding $75,000.00.

Defendant timely removed the action to this Court on December 2, 2008. Defendant asserts that plaintiff's claim raises a federal question under 28 U.S.C. § 1331 because plaintiff's flight was an international flight governed by the Montreal Convention. Although

plaintiff does not mention the Montreal Convention in her initial pleading, defendant contends that her cause of action is completely preempted by the Montreal Convention and therefore removal to federal court is appropriate.

In her motion to remand, plaintiff denies that the Montreal Convention preempts her claim, because Jamaica is not a signatory to the Convention and, therefore, her flight does not meet the Convention's definition of "international carriage".

## II. Discussion

In her reply memorandum, plaintiff asserts that defendant's response in opposition to the motion to remand was untimely as it was filed beyond the five days provided for a response under E.D.Mo. L.R. 4.01. Plaintiff's assertion is incorrect. Under the rules for computing time set forth in Fed.R.Civ.P. 6, the defendant's response was filed before the applicable deadline. Defendant's response was timely filed and has been considered by the Court.[1]

The Court now turns to the substantive question of whether the Montreal Convention preempts plaintiff's claims. The Convention holds airline carriers liable for bodily injuries suffered by a passenger during "international carriage". See Montreal Convention, Art. 17, 1999 WL 33292734 at *33. "International carriage" is defined as follows:

---

[1] The Court will also consider defendant's sur-reply to plaintiff's allegation that defendant's response was out of time.

> For the purposes of this Convention, the expression *international carriage* means any carriage in which, according to the agreement between the parties, the place of departure and the place of destination, whether or not there be a break in the carriage or a transshipment, are situated either within the territories of two States Parties, or within the territory of a single State Party if there is an agreed stopping place within the territory of another State, even if that State is not a State Party.

S. Treaty Doc. No. 106-45, 1999 WL 33292734 at *29.

Thus, there are two different types of "international carriage", and the key to determining whether either applies in this case is to identify plaintiff's "place of departure" and "place of destination". If the place of departure and place of destination are in separate countries, then both countries must be parties to the Montreal Convention in order for it to apply. However, if the place of departure and the place of destination are in the same country, then the Convention applies only if two conditions are met: (1) the country where the departure and destination cities are located is a party to the Convention; and (2) there was an "agreed stopping place" within the territory of a second country, even if it is not a party to the Convention.

Plaintiff purchased a round-trip ticket for air carriage between St. Louis, Missouri and Montego Bay, Jamaica. She departed St. Louis on August 7, 2005 on Flight 1027, a non-stop direct flight to Jamaica. It was while on this flight that plaintiff was injured. She remained in Jamaica for four nights before returning to St. Louis on the second half of her round-trip ticket on Flight

1028. The United States is a party to the Montreal Convention, but Jamaica is not.

Plaintiff contends that her flight does not fit into the definition of "international carriage" because the place of departure (United States) and place of destination (Jamaica) are in two separate countries, the latter of which is not a party to the Montreal Convention. Defendant argues that on a round-trip ticket, the place of destination is actually the same as the place of departure. In other words, St. Louis would serve as plaintiff's place of departure and plaintiff's ultimate place of destination, with Jamaica serving only as an "agreed stopping point". Thus, the central issue is whether plaintiff's place of destination, under the Montreal Convention, is Jamaica or St. Louis.

Plaintiff cites a dissenting opinion in <u>Rinck v. Deutsche Lufthansa A.G.</u>, 395 N.Y.S.2d 7, 10 (1977) (Silverman, J., dissenting), for the assertion that "in ordinary meaning, the place of destination is the place where the traveler is going to." Plaintiff contends that, because Flight 1027 was going to Jamaica, the place of destination could be nowhere other than Jamaica. Under plaintiff's theory, each leg of her round-trip ticket would have a separate place of departure and a separate place of destination. Plaintiff asserts that common sense indicates that the place of departure for a trip must be different than the place of destination.

Relevant case law[2] interpreting the phrase "place of destination", as used in the Montreal Convention, overwhelmingly supports defendant's contention that, for round-trip international travel, the place of destination is the same as the place of departure.  See Campbell v. Air Jamaica, Ltd., 863 F.2d 1, 2 (2d. Cir. 1988); Blake v. American Airlines, Inc., 245 F.3d 1213, 1215 (11th Cir. 2001)(place of destination under Warsaw Convention for round-trip flight from Jamaica to the United States and back was Jamaica); Swaminathan v. Swiss Air Transport Co., Ltd., 962 F.2d 387, 389 (5th Cir. 1992)("When a person purchases a round-trip ticket, there can be but one destination, where the trip originated.").  The fact that plaintiff spent several days between her two flights in Jamaica, a non-party to the Convention, is irrelevant.  See In re Air Crash at Lexington, 501 F.Supp.2d 902, 908 (E.D. Ky. 2007)(finding that a round-trip ticket from the United States to St. Lucia and back was covered under the Montreal Convention, even though St. Lucia was not one of its signatories); Knowlton v. American Airlines, Inc., 2007 WL 273794 (D. Md. 2007)(finding that the Montreal Convention would apply to a round-trip ticket from Maryland to the Dominican Republic, even though the latter was not a party to the Convention).

---

[2]The phrase "place of destination" is mentioned in similar vein in both the Montreal Convention and the Warsaw Convention.  Thus, cases interpreting the Warsaw Convention are relevant in interpreting the Montreal Convention as well.  See Baah v. Virgin Atlantic Airways, Ltd., 473 F.Supp.2d 591, 596-97 (S.D.N.Y. 2007).

Plaintiff provides no legal support for her contention that the drafters of the Convention could not have intended for the same place to serve as a departure point and a destination. In fact, there is strong evidence that the drafters intended plaintiff's situation to fall within the scope of the Convention. The definition of "international carriage" allows for the possibility that "there be a break in the carriage". See S. Treaty Doc. No. 106-45, 1999 WL 33292734 at *29. Thus, it is not required that the carriage be on the same airplane, or even on the same date. The Explanatory Notes which preface the Convention further support this interpretation, by noting that "'international carriage' includes all segments of an international journey as shown on the ticket." S. Treaty Doc. No. 106-45, 1999 WL 33292734 at *12.

Indeed, the fact that the drafters of the Montreal Convention very closely copied the language of its predecessor, the Warsaw Convention, is especially relevant given that the Warsaw Convention had been widely interpreted by the courts at the time the Montreal Convention was drafted and signed in 1999. Had the drafters intended a different meaning for the phrase "place of destination" than had already been interpreted under the Warsaw Convention, they could have easily clarified the issue. Instead, the drafters of the Montreal Convention copied the "place of destination" language from the Warsaw Convention knowing that such language had been interpreted to mean that, with round-trip tickets, the place of destination and the place of departure are the same.

The Court concludes that plaintiff's place of destination for her round-trip ticket is St. Louis and not Jamaica. Therefore, because the United States, a signatory to the Montreal Convention, serves as both the place of departure and the place of destination, and there was an agreed stopping place in the territory of a second country (Jamaica), the Montreal Convention applies to plaintiff's flights.

Additionally, the Court finds that the Montreal Convention completely preempts plaintiff's claims in this matter.[3] In Husmann v. Trans World Airlines, Inc., 169 F.3d 1151, 1153 (8th Cir. 1999), the Eighth Circuit found that the Warsaw Convention completely preempted an airline passenger's state law cause of action to recover for personal injuries sustained while on an international flight. Those courts that have examined the issue have found that the same preemptive effect applies under the Montreal Convention as well. See Paradis v. Ghana Airways Ltd., 348 F.Supp.2d 106, 111 (S.D.N.Y. 2004)("the preemptive effect is identical regardless of whether the Montreal Convention or the Warsaw Convention applies"); Schoeffler-Miller v. Northwest Airlines, Inc., 2008 WL 4936737 at *3 (C.D. Ill. 2008).

### III. Conclusion

Plaintiff's claims fall within the scope of the Montreal Convention. Because the Convention completely preempts plaintiff's

---

[3] Indeed, plaintiff does not dispute defendant's contention that the Montreal Convention, where applicable, completely preempts state law personal injury claims.

cause of action, federal subject matter jurisdiction exists and remand is inappropriate.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for remand [#10] is **denied**.

**IT IS FURTHER ORDERED** that defendant's motion for leave to file a sur-reply [#15] is **granted**.

```
                          _____
                          CAROL E. JACKSON
                          UNITED STATES DISTRICT JUDGE
```

Dated this 9th day of February, 2009.