UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CECELIA JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:08-CV-1855 (CEJ) |
| ) | |
| USA 3000 AIRLINES, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on defendant's motion for summary judgment.[1] Defendant opposes the motion and the issues have been fully briefed.

Plaintiff Cecilia Jones brings this action to recover damages for injuries she allegedly sustained during a flight on defendant's aircraft. Plaintiff alleges that a flight attendant negligently pushed a beverage service cart into plaintiff's knee during the flight. Defendant removed the matter to this Court, invoking federal question jurisdiction under 28 U.S.C. § 1331 based on the assertion that plaintiff's flight (a round trip flight between St. Louis and Jamaica) was an international flight governed by the Montreal Convention. Plaintiff filed a motion to remand contending that her flight did not constitute "international carriage" under the Convention because Jamaica was not one of its signatories. The Court denied plaintiff's motion, finding that plaintiff's claims fell within the scope of the Montreal Convention. Because the

---

[1]Defendant is moving for summary judgment prior to the commencement of discovery. However, "summary judgment may be appropriate even without opportunity for discovery…where, as in the instant case, the ground asserted for judgment is the statute of limitations, a defense not going to the merits of the action". Willmar Poultry Co. v. Morton-Norwich Products, Inc. 520 F.2d 289, 293 (8th Cir. 1975).

Convention completely preempts state law personal injury claims such as plaintiff's, federal subject matter jurisdiction exists with respect to her claims.

In the instant motion for summary judgment, defendant argues that plaintiff's claims are time-barred because this action was not brought within the two-year period required by the Convention. Plaintiff does not dispute that the Convention contains a two-year statute of limitations on personal injury claims. Instead, plaintiff merely repeats the arguments she made in support of her motion for remand.

Article 35, paragraph 1 of the Montreal Convention provides:

> The right to damages shall be extinguished if an action is not brought within a period of two years, reckoned from the date of arrival at the destination . . . or from the date on which the carriage stopped.

See 1999 WL 33292734 at *39

Plaintiff arrived at her place of destination on or about August 11, 2005. Because plaintiff did not file this action until October 16, 2008, her claims are time-barred under the Montreal Convention.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment [#16] is **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 29th day of May, 2009.