UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CECELIA JONES, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 4:08-CV-1855 (CEJ) |
| USA 3000 AIRLINES, | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for an extension of time to file a notice of appeal. Defendant opposes the motion and the issues are fully briefed.

Judgment was entered in favor of defendant on May 29, 2009. Pursuant to Fed. R. App. P. 4(a)(1)(A), plaintiff's notice of appeal was to be filed no later than June 29, 2009. Plaintiff states that she was out of town from May 30, 2009 through June 30, 2009, and that she did not receive a copy of the judgment until she returned from her trip. By that time, it was too late to file a notice of appeal. Plaintiff contends that her inability to comply with the applicable deadline due to her being out of town constitutes excusable neglect and that an extension of time should be granted.

The Court has discretion to extend the time for filing a notice of appeal if: (1) the moving party files the motion for an extension no later than 60 days after the order appealed from was entered; and (2) the party demonstrates either excusable neglect or good cause. Fed. R. App. P. 4(a)(5)(A). The Court may

extend the time to file a notice of appeal for a period not to "exceed 30 days after the prescribed time or 10 days after the date when the order granting the motion is entered, whichever is later." Fed. R. App. P. 4(a)(5)(c).

The parties agree that plaintiff's motion was timely filed. Defendant, however, contends that plaintiff has failed to show excusable neglect. The factors relevant to whether neglect is excusable "include . . . the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Gibbons v. United States, 317 F.3d 852, 854 (8th Cir. 2003). These factors do not carry equal weight, as the "excuse given for the late filing must have the greatest import." Lowry v. McDonnell Douglas Corp., 211 F.3d 457, 463 (8th Cir. 2000).

Upon considering the relevant factors, the Court finds that plaintiff has established that her neglect in failing to timely file the notice of appeal was excusable. Excusable neglect "may be found where a party has failed to learn of an entry of judgment, or in extraordinary cases where injustice would otherwise result." Benoist v. Brotherhood of Locomotive Engineers, 555 F.2d 671, 672 (8th Cir. 1977). Here, plaintiff alleges that she failed to learn of the judgment until after the time period for filing a notice of appeal had expired. Plaintiff asserts in an affidavit that she was out of town for the entire thirty-day period following the entry of judgment. During that time, plaintiff did not have access to her home and work telephones, which had been the means by which she communicated with her

counsel. Plaintiff's counsel timely mailed the judgment to plaintiff's mailing address, but she did not receive it until she returned from her trip.

Further, the Court does not believe that defendant will be prejudiced through the granting of this motion, other than the basic fact that defendant must now defend the judgment upon appeal. However, such is the case in every situation where a motion for an extension of time to file a notice of appeal is granted. Beyond that, defendant has not shown that it will be prejudiced in any other way. It is no more difficult or costly for defendant to prepare for appeal now than it would have been had plaintiff timely filed her notice of appeal.

For these reasons, the Court will grant plaintiff's motion for an extension of time in which to file her notice of appeal.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion [#27] for an extension of time in which to file her notice of appeal is **granted**.

**IT IS FURTHER ORDERED** that plaintiff shall have until **August 31, 2009**, to file a notice of appeal.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 20th day of August, 2009.